﻿Citation Nr: 18106786
Decision Date: 05/31/18 Archive Date: 05/31/18

DOCKET NO. 14-11 231
DATE: May 31, 2018
ORDER
The petition to reopen the claim of entitlement to service connection for hypertension is granted.
Entitlement to an effective date prior to October 15, 2009 for service-connected radiculopathy, right lower extremity, is denied.
REMANDED
Entitlement to service connection for hypertension is remanded.
Entitlement to service connection for spasms of the back, arm and neck is remanded.
FINDINGS OF FACT
1. Evidence received since the July 1978 rating decision includes evidence that is not cumulative or redundant of the evidence previously of record and is sufficient, when considered by itself or with previous evidence of record, to raise a reasonable possibility of substantiating the claim for hypertension. 
2. In conjunction with the Veteran’s October 15, 2009 claim, a VA examination was afforded in November 2009, which marks the earliest diagnosis of record for right lower extremity radiculopathy. 
CONCLUSIONS OF LAW
1. As new and material evidence has been received since the issuance of the previous final decision issued in July 1978, the criteria for reopening the claim for service connection for hypertension are met. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (2017).
2. The criteria for an effective date earlier than October 15, 2009, for the grant of service connection for radiculopathy, right lower extremity, have not been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
1. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for hypertension
Generally, a claim that has been denied in an unappealed RO decision or an unappealed Board decision may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104 (b), 7105(c) (2012). The exception is that if new and material evidence is presented or secured with respect to a claim which has been disallowed, VA shall reopen the claim and review the former disposition of the claim. 38 U.S.C. § 5108 (2012).
New evidence is defined as evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a) (2017).
The regulation does not require new and material evidence as to each previously unproven element of a claim and creates a low threshold for reopening claims. 38 C.F.R. § 3.156 (a) (2017); Shade v. Shinseki, 24 Vet. App. 110 (2010). 
For the purpose of determining whether new and material evidence has been submitted, the credibility of new evidence, although not its weight, is presumed. Justus v. Principi, 3 Vet. App. 510 (1992).
The Veteran seeks to reopen the claim of entitlement to service connection for hypertension based on new and material evidence.
The Board notes that in July 1978, the RO denied entitlement to service connection for hypertension, and as no appeal was received within one year following notification of the rating decision, the decision became final.
The Veteran most recently filed request to reopen his claim for entitlement to service connection for hypertension is in October 2009. 
At the time of the last final denial of the Veteran’s claim for service connection for hypertension in July 1978, evidence of record included the Veteran’s lay statements, service treatment records and a June 1978 VA examination indicating no diagnosis for hypertension. 
Evidence associated with the claims file since the previous July 1978 denial includes the April 2018 hearing testimony before the undersigned, in which the Veteran testifies as to the continuity of symptoms of high blood pressure since service as well as a varicose vein procedure to the leg. VA and private treatment notes have also been associated. Indeed, the Veteran was also afforded a December 2017 VA examination to evaluate the nature and etiology of his claimed hypertension, which is of record. The VA examination and the hearing transcript reflect, in pertinent part, that the Veteran has a current diagnosis of hypertension.
The Board reiterates that the original July 1978 denial of service connection was based on the lack of a diagnosis of hypertension. The aforementioned evidence associated since the last final denial is both new and material, as it was not previously submitted, and relates to an unestablished fact, that of a diagnosis, necessary to substantiate the claim.
Based on a review of this new evidence, the Board finds that the new and material criteria under 38 C.F.R. § 3.156 (a) have been satisfied, and the claim for service connection for hypertension is reopened
Effective Date
Unless specifically provided otherwise in the statute, the effective date of an evaluation and award of compensation on an original claim for compensation will be the day following separation from active duty service or the date entitlement arose if the claim is received within one year after separation from service; otherwise, date of receipt of claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (b)(1); 38 C.F.R. § 3.400 (b)(2). The effective date for a grant of service connection for a reopened claim after a final prior disallowance shall be the date of the receipt of the application to reopen or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 
2. Entitlement to an effective date prior to October 15, 2009 for service-connected radiculopathy, right lower extremity
The Veteran claims entitlement to an earlier effective date for service-connected radiculopathy of the right lower extremity.
In the instant case, the Veteran filed a claim for increased rating of his service-connected back condition that was received by VA on October 15, 2009. The Veteran was afforded a VA examination in November 2009, and was assessed to have right lower extremity radiculopathy. A February 2010 rating decision granted service connection for right lower extremity radiculopathy as secondary to service-connected low back strain, effective October 15, 2009. His service treatment records and VA treatment records were associated with the claims file at the time of the rating decision. The Veteran was notified of the rating decision and his appellate rights in February 2010. The Veteran timely disagreed with the assigned effective date. A statement of the case was issued, and the Veteran timely appealed. 
During the April 2018 hearing before the undersigned, the Veteran testified that he believes he is entitled to an effective date of January 1978, the same date as his service-connected low back disability. The Veteran’s reasoning is that his right lower extremity radiculopathy symptoms were present since then, though he admits his radiculopathy was not diagnosed until the VA examination of November 2009. 
The Board notes that the July 1978 grant of the Veteran’s claim of entitlement to service connection for a low back disability became final, as it was not appealed in a timely manner. The Board recognizes that the question of the Veteran’s evaluation for his low back disability has been before VA on multiple occasions, most recently in 1995. However, the Veteran did not perfect an appeal of that rating decision, and his most recent claim for an increased rating of a low back condition was received in October 2009, as discussed above. Further, and importantly, the earliest diagnosis of right lower extremity radiculopathy secondary to the Veteran’s low back condition was in November 2009. 
Pursuant to applicable statutes, regulations, and case law, the Veteran’s prior claim for a low back disability cannot serve as the basis of the current effective date, as the prior decision each became final. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. See also Leonard v. Nicholson, 405 F.3d 1333 (Fed. Cir. 2005).
Moreover, since the previous 1995 rating decision VA has received no communication from the Veteran that could be construed as a service connection claim for a right lower extremity radiculopathy, to include as secondary to his low back disability, until October 2009, when he filed for an increased evaluation for his back condition. This communication serves as the current effective date for the grant of service connection for right lower extremity radiculopathy. 
An effective date of an award of service connection is not based on the earliest medical evidence showing a causal connection, but rather on the date that the application upon which service connection was eventually awarded was filed with VA or the date entitlement arose, whichever is later. Lalonde v. West, 12 Vet. App. 377, 382 (1999). Given that the claim for increase that gave rise to the award of service connection for right lower extremity radiculopathy was received on October 15, 2009, the AOJ has assigned the earliest possible effective date for the grant of service connection for radiculopathy. As such, this appeal must be denied because the AOJ has already assigned the earliest possible effective date provided by law.
REASONS FOR REMAND
1. Entitlement to service connection for spasms of the back, arm and neck is remanded.
The Board notes at the outset that the Veteran has already been service-connected for a low back strain. 
As stated in the March 2014 statement of the case, VA has conceded that the Veteran had in-service complaints of back spasms in service, which have been service-connected as part of the Veteran’s low back disability – and further, that the private medical record reflects that the Veteran has a current diagnosis of muscle spasm in the back, arm and neck. 
Indeed, an August 2009 x-ray of the Veteran’s cervical spine shows spondylosis and straightening of the curvature, probably due to spasm. Furthermore, records from the same physician, Dr. P.H.W. show that he also treated the Veteran in September 1999 for stiffness and pain in the neck and right shoulder, and that there has been continuous treatment therefrom.
During the April 2018 hearing, the Veteran testified that while he was in the reserves, he fell, injuring his neck and shoulder, and had nerve damage and pain. He further testified that his service-connected disabilities cause balance issues, which in turn have resulted in multiple falls.
Indeed, the Veteran’s service treatment records, and specifically, the January 1978 report of medical history reflects that he reported swollen or painful joints, and broken bones. Furthermore, the Board notes that in June 1975, the Veteran was treated for back spasm. In July 1971, service records reflect that he was also treated for a muscle strain of the left shoulder and complained of headaches. Pertinently, in February 1975, treatment records show that the Veteran was lifting a wall locker when he fell on his right arm. He reported pain in the right side of his shoulder and his back. He was diagnosed with a muscle strain, and was restricted from lifting or bending. 
The Board notes that the Veteran was not afforded a VA examination to examine his neck and shoulder condition.
A medical examination or medical opinion is necessary in a claim for service connection when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran’s service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006). See also 38 U.S.C. § 5103A(d)(2) (2012); 38 C.F.R. § 3.159(c)(4)(i) (2017).
These elements are satisfied with regard to a neck and shoulder condition. Regarding the first element, private medical records indicate treatment for this condition. Regarding the second element, the Veteran argues that this disorder is the result of in-service injury (which is shown in service treatment records), or in the alternative, to multiple falls due to other service-connected conditions. Regarding the third and fourth elements, there is an indication that his current neck and shoulder condition could be related to service, but insufficient evidence of record by which the Board can make a decision. As the four McLendon elements are satisfied, the Veteran is entitled to a VA examination and medical opinion.
2. Entitlement to service connection for hypertension is remanded.
As adjudicated herein, the Veteran’s claim of entitlement to service connection for hypertension has been reopened due to receipt of new and material evidence.
The Board notes that initially, the Veteran’s claim of service connection for hypertension was denied on the basis that a diagnosis of hypertension was “not shown by the record.” See February 1978 rating decision. In June 1978, the Veteran was afforded a VA examination which reflected the conclusion that there was no sign of hypertension found in the record. 
Yet, the Board notes that on the January 1978 separation examination and associated report of medical history, the Veteran endorsed having high blood pressure, and the examining physician confirmed this diagnosis.
A VA opinion dated in December 2017 addresses the nature and etiology of the Veteran’s hypertension. The current diagnosis is confirmed, but the examiner’s opinion only addresses the etiology of hypertension as secondary to service-connected lumbar strain and radiculopathy. Pertinently, the examiner fails to address direct service connection, does not acknowledge the Veteran’s in-service finding of high blood pressure, and further, does not address the Veteran’s argument that his hypertension began after being prescribed medications for back and leg pain. See April 2018 hearing transcript.
When VA undertakes to provide a VA examination, it must ensure that the examination is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Accordingly, the Board finds that a new VA medical examination and opinion is necessary to determine the nature and etiology of the Veteran’s diagnosed hypertension. 38 C.F.R. § 3.159(c)(4) (2017).

The matter is REMANDED for the following action:
Schedule the Veteran for two separate VA examinations. The Veteran’s claims file, to include a copy of this remand, should be made available to the examiners in conjunction with the examinations. Any medically indicated tests should be accomplished. After a review of the evidence, to include the Veteran’s service treatment records, VA treatment records and examination reports, and with consideration of the Veteran’s lay statements regarding his symptoms and their onset. 
Neck and shoulder examination: The examiner must provide a diagnosis for each neck and shoulder disorder found to be present. For each such diagnosis, the examiner must offer an opinion as to whether it is at least as likely as not (50 percent probability or more) that the disorder began in service, was caused by service, or is otherwise related to service. 
The examiner must also provide an opinion as to whether each diagnosed disorder was caused by the Veteran’s service-connected low back strain.
The examiner must also provide an opinion as to whether each diagnosed disorder was aggravated by the Veteran’s service-connected low back strain.
The examiner must specifically consider the record of injuries in service, including the documented fall which resulted in neck and shoulder injury. Furthermore, the examiner must address the Veteran’s contention that his service-connected disabilities have caused “balance” issues, which in turn have led to multiple falls.
Hypertension examination: The examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran’s hypertension began in service, was caused by service, or is otherwise related to service.
The examiner must also provide an opinion as to whether hypertension was caused by the Veteran’s service-connected low back strain.
The examiner must also provide an opinion as to whether hypertension was aggravated by the Veteran’s service-connected low back strain.
The examiner must specifically address the diagnosis of high blood pressure in service, and the Veteran’s contentions that his hypertension may have resulted from prescription medications for service-connected disabilities.
 
CAROLINE B. FLEMING
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD G.C., Associate Counsel